COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


DOG FACE MANAGEMENT, INC. T/A
 TONY ELLIOTT BAND
                                      MEMORANDUM OPINION[*]
v.   Record No. 0459-98-1                 PER CURIAM
                                         JUNE 16, 1998
WILLIAM J. USHER

           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Karen M. Rye, on brief), for appellant.

              (C. Allen Riggins; Parker, Pollard & Brown,
              on brief), for appellee.


     Dog Face Management, Inc. t/a Tony Elliott Band ("employer")

contends that the Workers' Compensation Commission erred in

finding that William J. Usher ("claimant") was not bound by his

response to a Request for Admission propounded to him by

employer.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  See

Rule 5A:27.

     Employer propounded requests for admission to claimant.

Employer's request for admission number 14 asked claimant to

admit that he "is not disabled from performing the functions of a

guitar player."  Claimant responded, "denied as to the period

6/10/95 through 6/30/95."  Claimant later responded to employer's

interrogatories by stating that he intended to claim temporary

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

total disability benefits from June 10, 1995 through August 9, 1995. In denying employer's request to limit claimant's period of disability by binding him to his response to request for admission number 14, the commission found as follows:

> We find that the Deputy Commissioner acted properly in denying Dog Face's request to limit the period of disability from the date of the accident through June 30, 1995. Although the claimant responded to the request for admission that he was disabled from June 10, 1995, through June 30, 1995, he also responded to interrogatories in which he said the benefits that he claimed were "temporary total benefits from June 10, 1995 to August 9, 1995."
>
> Thus, the claimant filed two documents, one in which he limited his claim to June 30, 1995, and the other in which he limited his claim to August 9[,] 1995. Dog Face has not identified any way in which its defense of the claim was prejudiced by the inconsistent responses. We see no reason why we should consider one document and not the other.

Rule 2.2 of the Rules of the Virginia Workers' Compensation Commission provides that "[e]xcept for rules which the Commission promulgates, it is not bound by statutory or common law rules of pleading or evidence or technical rules of practice." In light of Rule 2.2 and claimant's conflicting responses to employer's discovery requests, we cannot say as a matter of law that the commission erred in refusing to limit the period of disability.

For these reasons, we affirm the commission's decision.

<u>Affirmed</u>.